IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00185-GPG

LEILA McCOY,

Plaintiff,

v.

EL PASO COUNTY DEPT. OF HUMAN SERVICES,
RICHARD BENGTSSON, Individually and in his Professional Capacity,
COLORADO DEPARTMENT OF HUMAN SERVICES,
EL PASO COUNTY DISTRICT ATTORNEY,
SAMMOREYAN BURNEY, Individually and in her Professional Capacity,
EL PASO COUNTY FRAUD INVESTIGATIONS UNIT,
SHAWN SOUTHARD, Individually and in her Professional Capacity, and
BRADLEY BUTZIN, Individually and in his Professional Capacity,

Defendants.

---

ORDER TO AMEND

---

Plaintiff Leila McCoy currently resides in Colorado Springs, Colorado. She initiated this action by filing a Complaint on January 25, 2016. Plaintiff also submitted an Application to Proceed in District Court Without Prepaying Fees or Costs, which has been granted. Prior to the Court completing an initial review of the merits of the January 25 Complaint, Plaintiff now has filed eleven motions, five exhibits, and subpoenas. Plaintiff seeks to add parties and claims in several of the motions. Plaintiff Leila McCoy also filed a motion to add a second plaintiff, Clyde McCoy, and a motion and affidavit to proceed without prepaying fees and costs for Mr. McCoy. The Court will dispose of the pending motions and filings as follows.

The motions to add parties or claims and to seek leave to amend, ECF Nos. 5, 8, 10, 12, 15, 16, 21, and 22, will be denied for the following reasons. First, at this time, a motion to amend is unnecessary pursuant to Fed. R. Civ. P. 15(a). Second, if Plaintiff intends to assert claims against additional parties she must state all the claims she intends to present in this action in one Amended Complaint, because "[a]n amended complaint 'supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified.' " *See Hooten v. Ikard Servi Gas*, No. 12-2179, 2013 WL 1846840 at *4 (10th Cir. May 3, 2013) (quoting *Giles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990)). Plaintiff may not continue to add claims one at a time.

As for the exhibits, they are no more than a restatement of the claims Plaintiff has already presented to the Court, or additional claims, and, furthermore, are unnecessary at this time. All Exhibits, ECF Nos. 9, 11, 13, 14, and 19, will not be considered by the Court at this time, and the claims asserted in the exhibits must be presented to the Court in a properly amended complaint. Furthermore, the Motion to Appoint Counsel, ECF No. 8, will be denied as premature.

Plaintiff has submitted an additional Application to Proceed in District Court Without Prepaying Fees and Costs have been submitted, even though she has been granted leave to proceed without prepaying. The Second Application, ECF No. 17, will be denied as unnecessary. As for the Application to Proceed in District Court Without Prepaying Fees and Costs that Clyde McCoy has filed, ECF No. 18, the Application will be denied with leave to refile. The Application is incomplete and the information provided by Mr. McCoy is the same as the information Plaintiff Leila McCoy provided on her Application form. The Court finds the responses provided by Mr. McCoy incredible.

Plaintiff Leila McCoy's continual filing of additional pleadings borders on being abusive of the judicial process. Courts have "inherent power . . . to regulate their docket, promote judicial efficiency, and deter frivolous filings." *Martinez v. Internal Revenue Service*, 744 F.2d 71, 73 (10th Cir. 1984). If Plaintiff continues to inundate the Court with additional pleadings that are found to be inappropriate or unnecessary, the Court will dismiss this action and consider imposing filing restrictions against Plaintiff.

Nonetheless, the Court will allow Plaintiff one last opportunity to submit an amended complaint that includes all named defendants and claims. If Mr. McCoy is a named plaintiff in the amended complaint he must sign the pleading and submit a properly completed Application to proceed without prepaying fees or in the alternative pay the $400 filing fee in full.

The Court reminds Plaintiff, as it has instructed her in previous lawsuits she has filed in this Court, the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1)

underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Claims must be presented clearly and concisely in a manageable format that allows a court and a defendant to know what claims are being asserted and to be able to respond to those claims. *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.* Accordingly, it is

ORDERED that Plaintiff Leila McCoy shall have one last opportunity to submit one final Amended Complaint. It is

FURTHER ORDERED that the only proper filing at this time is an Amended Complaint. All other pleadings will be ordered stricken. It is

FURTHER ORDERED that if Plaintiff fails to submit an Amended Complaint within twenty-one days from the date of this Order, as set forth above, the Court will proceed to address the merits of the Complaint filed on January 25, 2016. It is

FURTHER ORDERED that ECF Nos. 5, 8, 10, 12, 15, 16, 21, and 22 are denied as either improperly filed or as moot. It is

FURTHER ORDERED that the Motion to Appoint Counsel, ECF No. 20, is denied as premature. It is

FURTHER ORDERED that the Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 17, submitted by Plaintiff Leila McCoy, is denied as unnecessary. Plaintiff has been granted leave to proceed without prepaying. It is

FURTHER ORDERED that the Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 18, submitted by Mr. Clyde McCoy is denied, with leave to refile, because it is incomplete and is not credible.

DATED April 2, 2016, at Denver, Colorado.

BY THE COURT:

______________________________
Gordon P. Gallagher
United States Magistrate Judge